## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR A SEARCH WARRANT FOR ONE U.S. MAIL PARCEL

### I.    Subject Parcel

This is an Affidavit submitted in support of an Application for a Search Warrant for one subject U.S. Mail Parcel, hereinafter "the Subject Parcel." The Subject Parcel is currently located in Richmond, Virginia, which is within the Eastern District of Virginia.  The **Subject Parcel was specifically identified as follows:**

| Subject Parcel | Priority Mail Express (E), Priority (P), First Class (F), or Registered (R) Tracking ID Number | From: Name and Address | To: Name and Address |
|---|---|---|---|
| 1 | (P) 9505 8156 0793 1204 6198 76 | Jeri Glidden 5745 New Osborne Turnpike, Henrico, VA 23228 | Tank Crimes PO BOX 3495 Oakland, CA 94609 |

### II.    Affiant

I am an Inspector with the United States Postal Inspection Service (USPIS) and have been so employed since September 2016.  I completed a twelve-week federal law enforcement basic training course in Potomac, Maryland, which included training in the investigation of the prohibited mailing of narcotics, mail theft, aggravated identity theft, bank fraud, wire fraud and mail fraud. I am currently assigned to the Mail Fraud and Prohibited Mailing of Narcotics Team for the Washington Division, Richmond, Virginia Domicile. I have also attended the advanced

1

Contraband Interdiction Course offered by USPIS. I am responsible for investigating suspected violations of federal criminal statutes and am also responsible for conducting complex investigations that includes reviewing and analyzing documents, witness interviews, and the preparation, presentation, and service of criminal complaints, search warrants and arrest warrants. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by the traffickers and abusers of controlled dangerous substances.

The facts and information contained in this affidavit are based on my personal knowledge as well as that of the other agents involved in this investigation. All observations that were not made personally by me were related to me by the persons who made the observations. Sources of information used routinely in this process also include verifying zip codes through a public database maintained by the U.S. Postal Service (*USPS.com*) and checking associations between names and addresses in a law enforcement database named CLEAR. This affidavit contains only that information necessary to establish probable cause in support of an application for a search of the Subject Parcel. This affidavit is not intended to include each and every fact and matter observed by or made known to agents of the government.

Based on my training and experience in the field of narcotic interdiction through the mails, I know that there are suspicious characteristics common to many packages that contain narcotics and controlled substances. In addition to the drugs themselves, the packages often contain other evidence of drug-related crime, including U.S. Currency, consumer and financial records related to the sale of drugs, notations or instructions relating to the drugs or payments for the drugs, drug paraphernalia, and fake prescriptions. Based on my training experience, I know

mail is often used for transportation of large amounts of currency which further the drug trafficking scheme. Frequently, packages of this kind contain only currency. This is because the trafficker avoids using formal banking practices in order to avoid detection of the amounts of currency used to further the drug trafficking scheme. These factors, detailed more fully below, are used as a pointer system to identify packages requiring further investigation.

A totality of characteristics creates reasonable suspicion prior to presenting the parcels to a canine for examination. The Subject Parcel exhibited several of these factors and was also alerted to by a trained canine. While there are many characteristics that experienced inspectors look for, the most common factors or suspicious characteristics routinely observed in the course of screening packages are as follows:

1.   <u>Priority Mail Express and Priority Mail</u>.  Contrasts observed between legitimate business parcels and drug parcels with regard to the use of Priority Mail Express and Priority Mail:

a.   *Priority Mail Express*:  As alternatives to First Class Mail, which does not provide a customer the ability to track the progress of a parcel through the system, the U.S. Postal Service offers Priority Mail Express and Priority Mail. Priority Mail Express is guaranteed (money back) to be delivered on a set date and time, usually overnight. (That deadline is determined at the time of mailing.) The customer receives a receipt with this guaranteed information and can opt for a signature requirement at the other end or not. Customers can track the parcel online by its distinct Priority Mail Express tracking number. The weight of the package and the distance traveled are the two main factors in setting the price.

Priority Mail Express costs more than Priority Mail.

    b.    *Priority Mail*:  Priority Mail has a delivery service standard of two to four business days but is not guaranteed.  Priority is a less expensive alternative to Priority Mail Express, but still provides the ability to track a parcel.

Legitimate businesses using Priority Mail Express typically have a business or corporate account visible on the mailing label, which covers the cost of the mailing, in contrast to the drug distributor who will pay at the counter with cash or a credit card.  Business Priority Mail Express parcels typically weigh no more than eight ounces, and business Priority Mail parcels typically weigh no more than two pounds.  Drug packages typically exceed these weights.  In my experience, it is fairly easy to separate out smaller parcels, which constitute seventy to eighty percent of all Priority Mail Express and Priority Mail parcels, from other parcels.  Address labels on business parcels are typically typed, and address labels on drug packages are typically hand written.  Typically, drug traffickers using Priority Mail Express will opt out of the signature requirement.

    2.    <u>Invalid Sender/Return Address.</u>  When drugs are shipped through the mails, the senders generally do not want them back.  To distance themselves from parcels containing drugs, the return addresses and the names of senders are often fictitious or false.  A fictitious or false address can be anything from an incorrect zip code to a non-existent house number or street.  The name of the sender is also typically invalid in one of several ways.  I have seen packages sent by persons with names of celebrities, cartoon characters, or fictional persona.  More often a search of the CLEAR database reflects that there is no association between the name of the sender and the address provided.

4

3.    <u>Invalid Recipient/Address.</u>  It may appear counterintuitive and counterproductive to put the wrong receiving address on a package, but often the named recipient is not associated with the address.  This provides plausible deniability to anyone receiving the package as to their knowledge of its contents.  Sometimes drug packages are addressed to vacant properties with the expectation that the postal carrier will just leave it at the address.  The intended recipient will then retrieve it from that location and hope to remain anonymous.

4.    <u>Destination State</u>.  If other criteria are present, I know from experience and training that domestic packages sent to California, Oregon, Washington, Arizona, Texas, Nevada, and Colorado similar to the Subject Parcel at issue in this application for a search warrant can indicate that a parcel contains proceeds from the sale of narcotics.

5.    <u>Additional Indicators</u>.  Other factors indicative of drug trafficking that are seen less frequently, but nevertheless noteworthy include:

a.    *Smell*:  The odors of cocaine, marijuana, and methamphetamine are distinct, and, through experience, postal inspectors are familiar with these odors.  On occasion, a parcel will emit an odor that is easily recognized without the assistance of a canine.  Other smells that suggest the contents are narcotics are from masking agents.  Common masking agents used in an attempt to thwart law enforcement and canines typically include dryer sheets, coffee, mustard, and any other substance that releases a strong smell.

b.    *Heavy Packaging*:  Heavily taped parcels are another factor that will suggest a drug parcel.  Your affiant has also observed excessive glue on package flaps.

It is my experience that when these factors are observed, the alert of a trained canine on the package will follow.  As a result, these factors become a reliable way to profile the parcels being shipped every day.

### III.    Statement of Facts and Circumstances

On July 30, 2021, the following factors or suspicious characteristics are present in the Subject Parcel:

| Subject Parcel: Priority Mail Express/Priority/ Registered/1st Class | Weight of Parcel | FROM/Invalid name/address | Other Suspicious Characteristics |
|---|---|---|---|
| **Destination Area** | *Label* | *TO/ Invalid name/address* | *Canine Alert* |
| **Subject Parcel 1** | | | |
| Priority Mail Express | 4 lbs.  7 ounces | Last name associated with address, but not the first name | Wavier of Signature |
| Yes –Virginia to California | Hand-written | Name not associated with PO BOX, Scott Heath is listed as PO BOX Holder | Yes – "MAX" |
| | | | |

Postal Databases show that PO BOX 3495, Oakland, CA 94609, has received 6 Priority Mail Parcels from Richmond (1 from Henrico), Virginia since February 2021. Postal Databases also show that the same Internet Protocol (IP) address that tracked the Subject Parcel also tracked Priority Mail Parcel 9505 8149 8303 1187 2223 36, from Richmond, VA to PO BOX 20122, El

Sobrante, CA 94820. A Federal Search warrant, obtained in the Eastern District of Virginia by your affiant, was executed on Priority Mail Parcel 9505 8149 8303 1187 2223 36, on July 23, 2020, and that parcel was found to contain $25,000.00 bulk cash.

On July 30, 2021, the Subject Parcel was placed in the work area among other boxes at the Richmond Postal Service Facility ("USPS") located in Richmond, Virginia.  At that time, Chesterfield County Police Department Officer J. T. Godsey, canine handler, and his narcotics detecting canine "MAX" were brought in to search the area.  Officer J. T. Godsey is employed by the Chesterfield County Police Department and has been a Police Officer since April 1998. Officer Godsey has been a canine handler since July 2010 and is specifically trained to interpret the reactions of canine "MAX" in detecting the odor of a controlled substance.  Officer Godsey observed the canine "MAX" and then informed Postal Inspectors that the dog alerted on the Subject Parcels, which were placed among other boxes.

### IV.    Reliability of the Narcotic Detector Canine

Officer J. T. Godsey advised this affiant that he and canine "MAX" were trained by the Chesterfield Police Department Canine Unit.  Officer J. T. Godsey and canine "MAX" were certified as a team after a 14 week Canine/Handler course in December 2017 under the certification guidelines set forth by the Virginia Police Work Dog Association.  Canine "MAX's" certification was conducted by a Master Trainer from the Virginia Police Work Dog Association in a "single blind" method (where the results are unknown to the handler).  Single blind certification ensures that the handler cannot cue the dog, as the handler does not know the results.  Canine "MAX" responds by sitting/laying after the alert has been given.  This indicates to Officer J. T. Godsey the odor of marijuana or its derivatives, cocaine, heroin, ecstasy, and

7

methamphetamine has been detected.  Canine "MAX" receives monthly re-training of two eight (8) hour days each month and daily training exercises.

Canine "MAX" has been working for six years as a trained drug detection dog. Canine "MAX" has a success/reliability rate of 94 percent, meaning of the packages he has alerted on, 94 percent did, in fact, contain contraband.  Officer J. T. Godsey and canine "MAX" were recertified in May 2021.

### V.   Conclusion

I submit that based upon the above indicators exhibited by the Subject Parcel, based on my training and experience, and the alert of a trained canine on the packages, that there is probable cause to believe that the above-described Subject Parcel contains narcotics or controlled substances and/or materials relating to the distribution of controlled substances through the United States Mail.

Adelheid Dalton
United States Postal Inspector

Subscribed and sworn to before me
on the   2   day of August 2021.

Reviewed by: Katlin Cooke, USAVAE
Assistant United States Attorney
Eastern District of Virginia
Richmond, Virginia

/s/
Elizabeth W. Hanes
United States Magistrate Judge

8